McCauley, J.
The liability of. the executor to the plaintiff in error depends mainly upon the question, whether or not the provisions of item thirteen of the will gives him a conditional legacy.
A conditional legacy is defined to be “ a bequest whose existence depends upon the happening or not happening of some uncertain event, by which it is either to take place or be defeated.” 2 Williams’ Executors, 1258; 2 Roper on' Legacies, 283. The effect to be given to item thirteen of the will is to be determined by the manifest purpose of the testator in making the provision, rather than by giving force and consequence to any particular expression used in it. The evident purpose of the testator was not to give anything either directly or upon condition to Harker; but to appoint him to assist the executor and trustee of the will to perform certain duties to the estate at a stated salary. While the testator says, “ for such services I allow him a salary of fifteen hundred dollars per year,” that expression is used in reference to his services to be performed for the estate. If Harker had refused or become unable from any cause to perform the services, he could not have earned the salary. It was to be paid for the services. It was money to be earned, and if not earned, not to be paid. It is urged that it is a legacy upon condition, the condition being that Harker should serve the executor in a specified way. Service in a specified way is the common way of earning a salary, and the money thus earned as the bookkeeper of the executor belonged to' the servant because of the labor he had performed and not because of the provision of the will. The provision that the salary shall be paid in monthly installments, indicates that payments shall not be delayed as legacies are, until the indebtedness of the estate is paid; but be paid as the settlement of the estate progressed and as a part of the expenses of managing the estate.
Looking to -all the provisions of this item of the will we are of the opinion that it does not provide a legacy for Harker, but is a testamentary appointment of a bookkeeper for the executor, at a fixed salary, and for such time as a *239 bookkeeper was necessary in the settlement of tbe estate. The effect of the appointment would be that Harker had the right to the salary, if he tendered performance of the duties of bookkeeper, while a bookkeeper was necessary, to the executor, even though the executor refused to accept his services; and that after the executor had accepted his services, the same relation as to services and salary and discharge would exist between them as if he had been employed by the executor himself, upon the sanie terms and conditions specified in this item of the will.
Harker was to be the bookkeeper of the executor, in matters pertaining to the estate. And any misconduct, or unfaithfulness or incompeteney on his part would justify his discharge the same as if he had been selected and employed by the executor himself. He was acting under the executor and subject to his reasonable- control and direction. The executor was charged with the care and management of the estate, and if the bookkeeper thus employed to assist in its affairs, no longer acted in the interest of the estate, his discharge by the executors was lawful and proper.
If Harker was wrongfully discharged ■ and could have found employment, or did have employment, whatever he realized or could have realized from it, should be deducted from the salary he was prevented from earning, by the discharge.
The superior court seems to have treated the provision of the will as a provision in the nature of a legacy, and held that Harker was entitled to the monthly allowance, if he offered to perform, whether his services were necessary or not, and whether they were valuable or not.
The district court adopted the same view as to the legal effect of the provision of the will, but held further that the superior court had not jurisdiction of the action, because it was an action against an executor to recover á legacy, before the right to recover it had been fixed by a finding of the probate court. If the provision, however, was not a legacy, as we think it was not, the superior court *240 had jurisdiction of it, and in that aspect of the case, it becomes necessary to consider some of the proceedings upon the trial to determine whether the court erred in overruling a motion bythe defendant for a new trial.
The superior court upon the trial instructed the jury, “ that the defendant by his answer admitting that this provision was made, admitting that the plaintiff entered upon the discharge of his duties, and continued to discharge them until the 18th day of April, 1874, avers that he refused any longer to permit him to discharge those duties, first, because it was not necessary to have his services any longer in taking charge of, or keeping the accounts of the estate for said executors and trustees named in said will, or to have him aid in settling the estate. Second, he says that the plaintiff collected and appropriated moneys of the estate, and kept inaccurate accounts and failed properly to discharge his duties under the provisions of the will; that he became disagreeable and unpleasant in his manner and conduct toward this defendant; and that he also failed to obey the orders given him by this defendant, and that by reason thereof and for the reasons aforesaid he discharged him. Third, lie sets forth that the plaintiff entered into a combination with certain persons to defeat the will of John Bates; but as I have already ruled in the course of the trial that would not authorize the defendant to refuse to permit him to discharge the duties and you will not consider that portion of the answer.” This instruction practically withdraws from the consideration of the jury all matters of defense, in an action other than one for the non-payment of a legacy to which the right of the plaintiff was complete beyond all conditions.
The defendant upon the trial requested the court to instruct the jury “ that Mr. Smith, the executor, had a right to discharge Mr. Harker or refuse longer to employ and pay him if he refused to obey his lawful orders, if he was negligent and unskillful in keeping the accounts of the estate, if he absented himself improperly from the place of business, the office, and neglected its duties, for improperly *241 retaining or using money of the estate,” which request was refused by the court and was not given. The refusal to give this instruction prevented the defendant from having proper and pertinent matters of defense considered, and was error. The motion of the defendant for a new trial should have been sustained, not for want of jurisdiction as held by the district court, but for error in overruling the motion of the defendant for a new trial.

Judgment affirmed.